IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOEL JERMAINE BACON,<br><br>              Plaintiff,<br><br>   v.<br><br>MELINDA WOODS DUPREE,<br><br>              Defendant. | Civil Action<br>No. 12-784 (JBS)<br><br>**MEMORANDUM OPINION AND ORDER FOR ADMINISTRATIVE TERMINATION** |

SIMANDLE, Chief Judge:

    This matter is before the Court upon its preliminary screening of Plaintiff Joel Jermaine Bacon's Complaint filed pro se herein, to determine whether this case should be allowed to proceed under 28 U.S.C. § 1915(e)(2). The Court finds as follows:

    1. Plaintiff submitted for filing the instant complaint alleging certain violations of his rights. [Docket Entry No. 1.]

    2. Plaintiff, a civilly committed individual,[1] has been, and still is, a party to another action, based on the same events and setting forth substantively the same challenges. See Bacon v. Burns, Civil Action No. 10-5484 (JBS) (N.J.D.). The Bacon v. Burns action was initiated on October 22, 2010. See id., Docket Entry No. 1. Specifically, the complaint in Bacon v. Burns, as

---

    [1] Plaintiff was diagnosed with Schizoaffective Disorder Bipolar Type, a major mental illness.

well as the amended complaint filed in that matter on December 23, 2010, alleged that, during a certain period of Plaintiff's civil confinement, he was subjected to a chain of involuntary injections with anti-psychotic drug Haldol, and that such medication violated his constitutional rights.

3. On October 25, 2010, Plaintiff submitted for filing another civil complaint; that complaint analogously asserted that Plaintiff's constitutional rights were violated by the same chain of involuntary injections with Haldol. See Bacon v. Madnell, Civil Action No. 10-5506 (JAP) (N.J.D.). Judge Joel A. Pisano ("Judge Pisano"), presiding over that action, directed administrative termination of Bacon v. Madnell, Civil Action No. 10-5506, as duplicative of Bacon v. Burns, Civil Action No. 10-5484. See Bacon v. Madnell, Civil Action No. 10-5506, Docket Entry No. 2. Judge Pisano also provided Plaintiff with an explanation as to why such termination was warranted. See id.

4. On November 17 and 29, 2010, Plaintiff submitted two applications in Bacon v. Madnell, Civil Action No. 10-5506, asserting that: (a) Judge Pisano erred in directing termination of that action; and (b) Judge Pisano had to appoint pro bono counsel to represent Plaintiff in that action. See id., Docket Entries Nos. 2 and 3.

5. On December 1, 2010, Judge Pisano denied Plaintiff's application for pro bono counsel, as well as Plaintiff's request

to restore Bacon v. Madnell, Civil Action No. 10-5506, to the District's active docket. See id., Docket Entry No. 6. Judge Pisano's order to that effect re-explained to Plaintiff why Bacon v. Madnell was duplicative of Bacon v. Burns. See id.

6.   On February 8, 2011, Plaintiff submitted yet another civil complaint asserting, once again, that Plaintiff's constitutional rights were violated by the same chain of involuntary injections with Haldol. See Bacon v. Adetunji, Civil Action No. 11-0706 (JBS) (D.N.J.), Docket Entry No. 1. Since Plaintiff's complaint in Bacon v. Adetunji was subject to dismissal on the grounds already articulated to him, twice, by Judge Pisano in Bacon v. Madnell, Civil Action No. 10-5506, this Court directed termination of Bacon v. Adetunji as duplicative. See Bacon v. Adetunji, Civil Action No. 11-0706, Docket Entry No. 2. That termination took place on March 21, 2011. See id. at 3. Upon that termination, only Plaintiff's initial proceeding, i.e., Bacon v. Burns, Civil Action No. 10-5484 (JBS) (N.J.D.), remained pending.

7.   On April 13, 2011, the defendants in Bacon v. Burns, Civil Action No. 10-5484, moved this Court for summary judgment. See Bacon v. Burns, Civil Action No. 10-5484, Docket Entries Nos. 13 and 14. On November 15, 2011, the Court granted that motion in part and denied it in part, allowing the sole defendant remaining in Bacon v. Burns, Civil Action No. 10-5484, to file a

supplemental motion.[2]  See id., Docket Entries Nos. 25 and 26. That supplemental motion was filed on December 14, 2011, see id., Docket Entries Nos. 30 and 31; in February 2012, pro bono counsel was appointed to represent Plaintiff in Bacon v. Burns, including for the purposes of Plaintiff's opposition to the supplemental motion, which is still pending as of the date of this Memorandum Opinion and Order.  See id., Docket Entries Nos. 35, 36 and 37 (appointing Messrs. Armstrong and Tanenbaum as Plaintiff's pro bono counsel), and Docket Entry No. 40 (extending Plaintiff's time to file his opposition).

8.   At the time when these developments were taking place, i.e., in February 2012, Plaintiff commenced six new actions in this District, namely, the instant matter (Bacon v. Dupree, Civil Action No. 12-0784 (JBS), or "Instant Matter") assigned to the undersigned, as well as five other matters (collectively, "Trenton Vicinage Matters"), i.e., Bacon v. Anne Klein Forensic Center, Civil Action No. 12-0841 (JAP) (D.N.J.); Bacon v. Whitman, Civil Action No. 12-0842 (JAP) (D.N.J.); Bacon v. Davis, Civil Action No. 12-0843 (JAP) (D.N.J.); Bacon v. Jamesburg Detention Home for Boys, Civil Action No. 12-0844 (JAP) (D.N.J.);

---

[2]  Specifically, the Court found a genuine issue of material fact as to whether defendant Dr. Elizabeth Burns ("Dr. Burns") sufficiently followed the requirements of the three step process set forth by N.J.A.B. 5:04 when she prescribed Plaintiff involuntary injections of Haldol.

and Bacon v. Forsythe, Civil Action No. 12-0845 (JAP) (D.N.J.), which were assigned to Judge Pisano.

9. In the Instant Matter, Plaintiff did not submit his in forma pauperis ("IFP") application. [See, generally, Instant Matter, Docket.] However, Plaintiff submitted his IFP applications in the Trenton Vicinage Matters that were commenced on the same day as the Instant Matter. In light of Plaintiff's IFP applications filed in the Trenton Vicinage Matters, the Court finds it warranted to grant Plaintiff IFP status for the purposes of the Instant Matter. Taking notice of Plaintiff's civilly committed individual status, the Court will direct no assessment of filing fee against Plaintiff.

10. In the Instant Matter, Plaintiff alleged -- once again -- that his rights were violated by the same chain of involuntary injections with Haldol.[3] Plaintiff's repeated filings suggest

---

[3] In the Instant Matter, Plaintiff seeks "eight hundred billion dollars" in damages for his involuntary injections maintaining that Haldol were wrongfully administered, per Dr. Burns' orders, by a certain Melinda Woods Dupree. [Docket Entry No. 1, at 3-4 and 6.] Analogously, in one of his Trenton Vicinage Matters, namely, in Bacon v. Davis, Civil Action No. 12-0843 (JAP), Plaintiff seeks "two billion dollars" in damages for these involuntary injections maintaining that Haldol were wrongfully administered, per Dr. Burn's orders, by a certain Alex Davis, who committed medical malpractice by following Dr. Burns' orders. See id., Docket Entry No. 1. Plaintiff's other Trenton Vicinage Matters pending before Judge Pisano allege different challenges, asserting that Plaintiff's criminal conviction and/or civil confinement were wrongfully procured, that Christine Todd Whitman (New Jersey 50th Governor who served between 1994 and 2001) endangered welfare of a certain child (who might or might not have been Plaintiff), that no attorney was provided to a certain

Plaintiff's erroneous impression that he could recover multiple damages on the basis of the same factual predicate.  The Court, therefore, notes that, while a litigant may raise alternative legal theories in support of his/her claims, see Fed. R. Civ. P. 8(d), or may name more than one defendant in his/her complaint asserting a violation ensuing from a certain factual predicate, see Fed. R. Civ. P. 19 (providing for joinder of parties), and, upon prevailing on his/her claims, that litigant could have the damages apportioned among the wrongdoers or ordered for collection jointly and severally, the litigant *cannot* obtain more than one recovery on the basis of the wrongful transaction (or the same chain of wrongful transactions).  "The general rule of compensatory damages bars double recovery for the same wrong."[4] Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1005

---

child (who might or might not have been Plaintiff) by a certain juvenile detention center, that a certain witness falsely testified before a certain judge, hence "destroyed someone's life," etc.  See, generally, Trenton Vicinage Matters.

[4]   In other words, Plaintiff could assert, in Bacon v. Burns, that his involuntary medication was a result of *both*: (a) erroneous directive to medicate him (hence, implicating Dr. Burns); and (b) erroneous implementation of that directive by other officials (hence, implicating the medical personnel who followed Dr. Burns' directive).  Thus far, in Bacon v. Burns, Plaintiff asserted only the former line of challenges.  In the event Plaintiff now wishes to supplement his challenges with the latter line of claims, he should seek leave to re-amend his Bacon v. Burns pleading.  However, no statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's opinion as to substantive or procedural validity or invalidity of such application for leave to re-amend, if filed.

(9th Cir. 2008); see also Guy. Tel. & Tel. Co. v. Melbourne Int'l Communs., 329 F.3d 1241, 1249 (11th Cir. 2003); Pate v. National Fund Raising Consultants, 20 F.3d 341, 345 (8th Cir. 1994). Therefore, while this Court is mindful of Plaintiff's emotions associated with Plaintiff's involuntary medication and recognizes that Plaintiff associates a number of persons with the Haldol injections he received, neither Plaintiff's emotions nor his perceptions could transform a single chain of involuntary administration of medications (now challenged in Bacon v. Burns) into different chains of transactions: in order to institute a new viable action, Plaintiff has to assert a *new and different* factual predicate.

    11. Since Plaintiff's claims raised in the Instant Matter challenge the very same chain of Haldol injections, based upon Dr. Burns' orders, that is being currently litigated in Bacon v. Burns, Civil Action No. 10-5484, Plaintiff's Instant Matter is subject to termination, as duplicative of Bacon v. Burns, for the reasons that were already detailed to Plaintiff, twice, by Judge Pisano in Bacon v. Madnell, Civil Action No. 10-5506 (for the purposes of terminating that action as duplicative of Bacon v. Burns), and applied by this Court in Bacon v. Adetunji, Civil Action No. 11-0706 (for the purposes of terminating that matter as also duplicative of Bacon v. Burns).

7

12.  This administrative termination is without prejudice to Plaintiff's right to seek to supplement his amended complaint in <u>Bacon v. Burns</u> to include this claim, which appears to recite new harm caused by the same alleged violation, within the meaning of Rule 15(d), Fed. R. Civ. P.  Plaintiff shall promptly consult with his newly appointed counsel in <u>Bacon v. Burns</u>, who may decide whether to seek such amendment or supplementation.

IT IS, therefore, on this  **28th**  day of **February**, 2012,

**ORDERED** that Plaintiff may proceed in this matter <u>in forma pauperis</u>, without assessment of a filing fee; and it is further

**ORDERED** that the Clerk shall file Plaintiff's complaint [Docket Entry No. 1]; and it is further

**ORDERED** that the Clerk shall ADMINISTRATIVELY TERMINATE this matter as duplicative of <u>Bacon v. Burns</u>, Civil Action No. 10-5484, without prejudice to Plaintiff's right, through appointed counsel, to amend or supplement the Amended Complaint in <u>Bacon v. Burns</u>, within the next thirty days; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail and upon counsel of record in <u>Bacon v. Burns</u>, Civil Action No. 10-5484 (JBS) by docketing this Memorandum Opinion and Order also upon that docket accompanying the docket entry with the docket text reading "DOCKETED FOR INFORMATIONAL PURPOSES ONLY"; and it is further

**ORDERED** that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED.

    s/ Jerome B. Simandle
JEROME B. SIMANDLE
Chief Judge
United States District Court